UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANUEL GEBREMEDHIN DESTA (A-240-745-520),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05144 TLN-CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Amanuel Gebremedhin Desta (A-240-745-520), a native of Eritrea who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

**I. BACKGROUND**

On or about May 19, 2026, petitioner was detained by immigration authorities. (Id. at 5.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 2, 5.) Respondents do not contest petitioner's factual allegations. (See ECF

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

No. 8.)

On July 6, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 16, 2026, respondents timely filed an answer. (ECF No. 8.) Petitioner did not file a reply. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention as a due process claim under the Fifth Amendment, and not limited to a claim challenging his detention as prolonged. (See ECF No. 1.) The Court also notes that respondents did not address prolonged detention in their response, and are therefore not prejudiced by the Court's construction. (See ECF No. 8.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 8 at 1.) Respondents further do not contend that petitioner has a criminal history or that he violated any release conditions. (See ECF

No. 8.) Respondents cite Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b) is applicable here. (Id.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

Respondents concede that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." (ECF No. 8 at 1.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process. See, e.g., Guerro Lepe v. Andrews, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); Josue I.C.A. v. Lyons, No. 1:25-cv-01542-SKO, 2025 WL 3496432, at *3 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, No. 1:25-cv-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); E.L.D.M. v. Becerra, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025); Selis Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. 2025); Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025); Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr., No.

---

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); Valencia Cardenas v. Chestnut, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); J.P.C. v. Chestnut, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026); Chingis G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-00826-TLN-DMC, 2026 WL 2043394 (E.D. Cal. July 15, 2026); Moreno v. Warden, Cal. City. Immig. Processing Ctr., No. 1:26-cv-04117-JLT-SAB, 2026 WL 1907192 (E.D. Ca. July 2, 2026); Camacho v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-03409-JLT-HBK, 2026 WL 1761032 (E.D. Cal. June 18, 2026).

This position reflects the majority of courts nationwide. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297, 1304, 1328-30 (W.D. Wash. 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the United States); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)).

Further, respondents' reliance on Buenrostro-Mendez, 166 F.4th 494 and Avila, 170 F.4th 1128, is unavailing. This Court does not find Buenrostro-Mendez or Avila to be persuasive, and

instead finds the analysis in Castañon-Nava, 161 F.4th at 1060-62, and Barbosa da Cunha, 175 F.4th 61, to be more persuasive. See also Lopez-Campos, 175 F.4th at 719; Hernandez Alvarez, 175 F.4th at 1285; Gurvinder Singh v. Chestnut, No. 1:26-cv-01196-KES-SKO, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 819 F. Supp. 3d 1247, 1250-54 (D. Colo. 2026) (rejecting the Buenrostro-Mendez majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro-Mendez majority) (citing Castanon-Nava, 161 F.4th at 1052); Tomas Nicolas v. Warden, No. 4:26-cv-00028-SEB-KMB, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, No. 8:26CV46, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 819 F. Supp. 3d 517, 543 n.40 (S.D. W.Va. 2026) (same). In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Based on respondents' concession and for the reasons provided by this district court in many prior cases addressing the detention and/or re-detention of non-citizens without a pre-deprivation bond hearing where the government has asserted that the petitioner is an "applicant for admission" under § 1225(b), the Court recommends granting the petition and ordering petitioner's immediate release.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to IMMEDIATELY release petitioner Amanuel Gebremedhin Desta (A-240-745-520) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.
3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

///

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/dest.5144.26.imm.frs