UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMANUEL G.D.,[1]

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05144 TLN CSK

(A# 240-745-520)

**RELEASE ORDER**

Petitioner, an immigration detainee prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) Respondents filed objections to the findings and recommendations stating they "object generally." (ECF No. 10.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having reviewed the entire file including objections, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Moreover, in the intervening days since the magistrate judge's findings and recommendations, the Ninth Circuit has confirmed that Respondents' interpretation of 8 U.S.C. § 1225(b)(2) is incorrect. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 9) are adopted in full.

2. The Petition for Writ of Habeas Corpus is (ECF No. 1) is GRANTED.

3. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Amanuel G.D. (A# 240-745-520) and are ordered to provide Petitioner with a copy of the release order at or near the time of release. If Respondents have custody of Petitioner's documents and property (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those to Petitioner at the time of release.

4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

5. Given Petitioner's pro se status, Respondents are directed to file a status report

addressing Petitioner's detention status by **August 7, 2026**.

6. The Clerk of Court is directed to serve this Order on the **Central Valley Annex.**

7. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE